B1 (Official Form 1)(1/08)

# United States Bankruptcy Court
### Eastern District of Wisconsin

**Voluntary Petition**

| | |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle):<br>**CIB MARINE BANCSHARES, INC.** | **Name of Joint Debtor** (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**FDBA Central Illinois Bancorp, Inc.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all)<br>**37-1203599** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**N27 W24025 Paul Court**<br>**Pewaukee, WI**<br>ZIP Code **53072** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Waukesha** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor** (Form of Organization) (Check one box)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [X] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [X] Other

**Tax-Exempt Entity** (Check box, if applicable)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [X] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [X] Debts are primarily business debts.

**Filing Fee** (Check one box)
- [X] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [X] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [X] A plan is being filed with this petition.
- [X] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [X] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |

**Estimated Liabilities**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |

## Voluntary Petition
*(This page must be completed and filed in every case)*

Name of Debtor(s):
**CIB MARINE BANCSHARES, INC.**

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

■ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

X _____
 Signature of Attorney for Debtor(s)   (Date)

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **CIB MARINE BANCSHARES, INC.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X **/s/ Timothy F. Nixon**
Signature of Attorney for Debtor(s)

**Timothy F. Nixon 1013753**
Printed Name of Attorney for Debtor(s)

**Godfrey & Kahn, S.C.**
Firm Name

**780 North Water Street**
**Milwaukee, WI 53202**

_____
Address

**Email: candres@gklaw.com**
**(414) 273-3500  Fax: (414) 273-5198**
Telephone Number

**September 15, 2009**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ John P. Hickey, Jr.**
Signature of Authorized Individual

**John P. Hickey, Jr.**
Printed Name of Authorized Individual

**President and Chief Executive Officer**
Title of Authorized Individual

**September 15, 2009**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re  **CIB MARINE BANCSHARES, INC.**, Debtor

Case No. _____

Chapter **11**

## Exhibit "A" to Voluntary Petition

1. If any of debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **000-24149**.

2. The following financial data is the latest available information and refers to debtor's condition on **August 31, 2009**.

   a. Total assets  $ **104,800,110.00**

   b. Total debts (including debts listed in 2.c., below)  $ **107,214,495.00**

   c. Debt securities held by more than 500 holders.

   | | | | | Approximate number of holders |
   |---|---|---|---|---|
   | secured / / | unsecured / / | subordinated / / | $ **0.00** | **0** |
   | secured / / | unsecured / / | subordinated / / | $ **0.00** | **0** |
   | secured / / | unsecured / / | subordinated / / | $ **0.00** | **0** |
   | secured / / | unsecured / / | subordinated / / | $ **0.00** | **0** |
   | secured / / | unsecured / / | subordinated / / | $ **0.00** | **0** |

   d. Number of shares of preferred stock  **0**  **0**

   e. Number of shares of common stock  **18,346,391**  **1,235**

   Comments, if any:

3. Brief description of debtor's business:
   **Top tier bank holding company for CIBM Bank, an Illinois state-chartered bank.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **CEDE & Company, a brokerage firm, under one or more accounts, owns 5,386,908 shares (29.36%) of outstanding stock.**

# CERTIFICATE OF SECRETARY

## *CIB Marine Bancshares, Inc. (Pewaukee, Wisconsin)*

THE UNDERSIGNED, Daniel J. Rasmussen, hereby certifies that he is the Secretary of CIB Marine Bancshares, Inc. (Pewaukee, Wisconsin) ("CIB Marine"), and that:

Attached hereto as Exhibit A is a true, correct and complete copy of resolutions passed at a special meeting of the Board of Directors of CIB Marine held on July 14, 2009, which have not been amended, rescinded or changed, and are in full force and effect as of the date hereof.

DATED this 14th day of September, 2009.

CIB MARINE BANCSHARES, INC.

By: _____
Daniel J. Rasmussen, Secretary

# EXHIBIT A

WHEREAS, CIB Marine Bancshares, Inc. (the "Corporation") has determined that it is desirable and in the best interests of the Corporation and its shareholders, creditors, employees, and other interested parties to conduct a solicitation of creditors entitled to vote on a prepackaged plan of reorganization; and, if the required creditors vote to approve the prepackaged plan, that a petition be filed by the Corporation, seeking relief under the provisions of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT RESOLVED, that the Chief Executive Officer, Chief Financial Officer, Chief Investment Officer, General Counsel, and any Executive Vice President and any other person designated and so authorized to act (each, an "Authorized Officer") of the Corporation be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to execute and verify the Corporation's *Disclosure Statement for the Debtor's Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* and *Debtor's Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (together, the "Prepackaged Plan") and to solicit the votes of the creditors of the Corporation entitled to vote to approve or reject the Prepackaged Plan; and it is further

RESOLVED, that if the required creditors vote to approve the Prepackaged Plan, any Authorized Officer be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to execute and verify the petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Eastern District of Wisconsin (the "Bankruptcy Court") at such time as the Authorized Officer executing the petition shall determine; and it is further

RESOLVED, that the Corporation retain attorneys and other professionals to advise the Corporation, including, without limitation, the law firm of Godfrey & Kahn, S.C., as its counsel in the chapter 11 proceedings, and that any Authorized Officer of the Corporation be, and such Authorized Officer hereby is, authorized, empowered and directed to execute the applicable applications to appoint counsel and other professionals and to execute any other necessary or related documents and to provide and pay retainers to counsel and other appropriate professionals for compensation for services, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that any Authorized Officer and such other officers of the Corporation as any Authorized Officer shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered, and directed in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate the successful prosecution of the chapter 11 case; and it is further

RESOLVED, that pursuant to the authority vested in the Board of Directors (the "Board") by Section 5.1 of the Corporation's Articles of Incorporation, this Board hereby creates (i) a series of the preferred stock of the Corporation to be identified as "7 Percent Fixed Rate Noncumulative Nonconvertible Perpetual Preferred Stock, Series A" ("Series A Preferred Stock") to consist initially of **Fifty-Five Thousand Six Hundred and Twenty Four (55,624)** shares, and (ii) a series of preferred stock of the Corporation to be identified as "7 Percent Fixed Rate Noncumulative Convertible Perpetual Preferred Stock, Series B" ("Series B Preferred Stock") to consist initially of **Four Thousand**

**Three Hundred Seventy Six (4,376)** shares, and hereby fixes the relative rights and preferences of the shares of such Series A Preferred Stock and Series B Preferred Stock as set forth in the Resolution next following; and it is further

RESOLVED, that the Board hereby approves an amendment to the Corporation's Restated Articles of Incorporation upon approval of the Prepackaged Plan by the Bankruptcy Court, creating and adding new Section 5.4 and new Section 5.5 to Article 5 thereof, as set forth in Exhibit A to the Articles of Amendment presented to this Board and attached to these Resolutions as Attachment I; and it is further

RESOLVED, that upon approval of the Prepackaged Plan by the Bankruptcy Court the Authorized Officers are hereby authorized to prepare and file Articles of Amendment in the form of Attachment I with the Wisconsin Department of Financial Institutions amending the Corporation's Restated Articles of Incorporation as set forth above; and such Articles of Amendment shall set forth at length the provisions of Article 5 of the Corporation's Articles of Incorporation as stated in Attachment I, provided that the Authorized Officers may make any typographical, stylistic or numbering corrections thereto as they shall determine in their sole discretion but shall not, except upon further resolution of this Board make any substantive changes that enlarge, restrict or in any way modify the rights and responsibilities of the Corporation or the holders of Series A Preferred Stock or Series B Preferred Stock; and it is further

RESOLVED, that the form of stock certificate to evidence shares of Series A Preferred Stock and Series B Preferred Stock shall be as determined by the Authorized Officers consistent with the Corporation's By-Laws and the Wisconsin Business Corporation Law and, in particular, shall (i) be clearly designated with the title of the securities (to wit: "7 Percent Fixed Rate Noncumulative Nonconvertible Perpetual Preferred Stock, Series A" and "7 Percent Fixed Rate Noncumulative Convertible Perpetual Preferred Stock, Series B," respectively); (ii) shall set forth at length the provisions of Article 5 of the Corporation's Articles of Incorporation as amended as set forth herein; (iii) shall be imprinted with a legend stating "Not to Exceed **55,624** Shares" for Series A Preferred Stock and "Not to Exceed **4,376** Shares" for Series B Preferred Stock, respectively; and (iv) shall be executed and authenticated for and on behalf of the Corporation by its President and Secretary; and it is further

RESOLVED, that there are hereby reserved **Seventeen Million Five Hundred Four Thousand (17,504,000)** shares of the Corporation's $1.00 par value common stock for issuance pursuant to the conversion rights of holders of Series B Preferred Stock authorized by the Corporation's Articles of Incorporation as amended by the within resolutions; and it is further

RESOLVED, that any Authorized Officer be, and hereby is, authorized, empowered, and directed to do all such acts and things and to deliver all such documents and to pay all such fees, taxes and expenses and to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other experts and professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Corporation's chapter 11 case, with a view to the successful prosecution of such case, and the intent and purposes of the within resolutions and; and it is further

RESOLVED, that all actions heretofore taken by any Authorized Officer or the directors of the Corporation, or by any individual who currently holds or has held any of said offices, in furtherance of the foregoing are hereby ratified, adopted, confirmed and approved in all respects as the acts and deeds of the Corporation.