## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In re:

      CIB MARINE BANCSHARES, INC.,      Case No. 09-33318-JES

          Debtor in Possession.      Chapter 11

## DECLARATION OF DISINTERESTEDNESS OF STIFEL, NICOLAUS & COMPANY, INCORPORATED
## IN SUPPORT OF RETENTION AS ORDINARY COURSE PROFESSIONAL

STATE OF MISSOURI        )
                    ) ss.
COUNTY OF ST. LOUIS     )

      Robert E. Dolan, being duly sworn, upon his/her oath, deposes and says:

      1.      I am a First Vice President, Deputy General Counsel of Stifel, Nicolaus & Company, Incorporated, located at 501 N. Broadway, St. Louis, MO 63102 (the "Organization").

      2.      CIB Marine Bancshares, Inc. (the "Debtor") has requested that the Organization provide financial advisory/investment banking services to the Debtor, and the Organization has consented to provide such services.

      3.      The Organization may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the above-captioned bankruptcy case (the "Chapter 11 Case"), for persons that are parties in interest in the Chapter 11 Case. The Organization does not perform services for any such person in connection with the Chapter 11 Case, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtor or its estate.

4. Neither I nor any principal, partner, director or officer of, or professional retained by, the Organization has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Organization.

5. Neither I nor any principal, partner, director or officer of, or professional retained by, the Organization, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtor or the estate with respect to the matter(s) upon which the Organization is to be retained.

6. The Debtor owes the Organization $35,000.00 for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code.

7. As of the petition date of the Chapter 11 Case, the Organization was party to an agreement for indemnification with the Debtor, which is attached as Exhibit A to this Declaration.

8. This Organization is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Organization should discover any facts bearing on the matters described herein, the Organization will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on
Date: October 14, 2009

By: _____

Name: Robert E. Dolan
Title: First Vice President, Deputy General Counsel

ATTACHMENT A

STIFEL, NICOLAUS & COMPANY, INCORPORATED
INDEMNIFICATION, CONTRIBUTION AND
LIMITATION OF LIABILITY PROVISIONS

(a)   The Company agrees to indemnify and hold harmless Stifel Nicolaus and its affiliates and their respective officers, directors, employees and agents, and any persons controlling Stifel Nicolaus or any of its affiliates within the meaning of Section 15 of the Securities Act of 1933 or Section 20 of the Securities Exchange Act of 1934 (Stifel Nicolaus and each such other person or entity being referred to herein as an "Indemnified Person"), from and against all claims, liabilities, losses or damages (or actions in respect thereof) or other expenses which (A) are related to or arise out of (i) actions taken or omitted to be taken (including any untrue statements made or any statements omitted to be made) by the Company or its affiliates or (ii) actions taken or omitted to be taken by an Indemnified Person with the consent or in conformity with the actions or omissions of the Company or its affiliates or (B) are otherwise related to or arise out of Stifel Nicolaus' activities on behalf of the Company or its affiliates. The Company will not be responsible, however, for any losses, claims, damages, liabilities or expenses pursuant to clause (B) of the preceding sentence which are finally judicially determined to have resulted primarily from such Indemnified Person's gross negligence or willful misconduct. In addition, the Company agrees to reimburse each Indemnified Person for all out-of-pocket expenses (including reasonable fees and expenses of counsel) as they are incurred by such Indemnified Person in connection with investigating, preparing, conducting or defending any such action or claim, whether or not in connection with litigation in which any Indemnified Person is a named party, or in connection with enforcing the rights of such Indemnified Person under this Agreement.

(b)   If for any reason the foregoing indemnity is unavailable to an Indemnified Person or insufficient to hold an Indemnified Person harmless, then the Company shall contribute to the amount paid or payable by such Indemnified Person as a result of such claim, liability, loss, damage or expense in such proportion as is appropriate to reflect not only the relative benefits received by the Company on the one hand and Stifel Nicolaus on the other, but also the relative fault of the Company on the one hand and Stifel Nicolaus on the other, as well as any relevant equitable considerations, subject to the limitation that in any event the aggregate contribution of all Indemnified Persons to all losses, claims, liabilities, damages and expenses shall not exceed the amount of fees actually received by Stifel Nicolaus pursuant to this Agreement. It is hereby further agreed that the relative benefits to the Company on the one hand and Stifel Nicolaus on the other with respect to any transaction or proposed transaction contemplated by this

Agreement shall be deemed to be in the same proportion as (i) the total value the transaction or proposed transaction bears to (ii) the fees paid to Stifel Nicolaus with respect to such transaction.

(c)     No Indemnified Person shall have any liability to the Company or any other person in connection with the services rendered pursuant to this Agreement, except for any liability for losses, claims, damages or liabilities finally judicially determined to have resulted primarily from such Indemnified Person's gross negligence or willful misconduct.

(d)     The Company agrees that it will not settle or compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which indemnification may be sought from the Company by any Indemnified Person (whether any Indemnified Person is an actual or potential party to such claim, action, suit or proceeding) unless such settlement, compromise or consent includes an unconditional release of Indemnified Persons hereunder from all liability arising out of such claim, action, suit or proceeding.

(e)     To the extent officers or employees of Stifel Nicolaus appear as witnesses, are deposed, or otherwise are involved in or assist with any action, hearing or proceeding related to or arising from a Sale of the Company or Stifel Nicolaus' engagement hereunder or in a situation where such appearance, involvement or assistance results from Stifel Nicolaus' engagement hereunder, the Company will pay Stifel Nicolaus, in addition to the fees set forth above, Stifel Nicolaus' customary per diem charges. In addition, if any Indemnified Person appears as a witness, is deposed or otherwise is involved in any action relating to or arising from a Sale of the Company or Stifel Nicolaus' engagement hereunder or in a situation where such appearance, involvement or assistance results from Stifel Nicolaus' engagement hereunder, the Company will reimburse such Indemnified Person for all expenses (including fees and expenses of counsel) incurred by it by reason of it or any of its personnel being involved in any such action.

(f)     The Company consents to personal jurisdiction, service of process and venue in any court in which any claim covered by the provisions of this Attachment A may be brought against an Indemnified Person.

(g)     The provisions of this Attachment A shall be in addition to any liability the Company may have to any Indemnified Person at common law or otherwise, and shall survive the expiration or termination of this Agreement and the closing of any Sale of the Company or any other transaction contemplated by this Agreement.

ATTACHMENT A

## STIFEL, NICOLAUS & COMPANY, INCORPORATED
## INDEMNIFICATION, CONTRIBUTION AND
## LIMITATION OF LIABILITY PROVISIONS

(a)     The Company agrees to indemnify and hold harmless Stifel Nicolaus and its affiliates and their respective officers, directors, employees and agents, and any persons controlling Stifel Nicolaus or any of its affiliates within the meaning of Section 15 of the Securities Act of 1933 or Section 20 of the Securities Exchange Act of 1934 (Stifel Nicolaus and each such other person or entity being referred to herein as an "Indemnified Person"), from and against all claims, liabilities, losses or damages (or actions in respect thereof) or other expenses which (A) are related to or arise out of (i) actions taken or omitted to be taken (including any untrue statements made or any statements omitted to be made) by the Company or its affiliates or (ii) actions taken or omitted to be taken by an Indemnified Person with the consent or in conformity with the actions or omissions of the Company or its affiliates or (B) are otherwise related to or arise out of Stifel Nicolaus' activities on behalf of the Company or its affiliates. The Company will not be responsible, however, for any losses, claims, damages, liabilities or expenses pursuant to clause (B) of the preceding sentence which are finally judicially determined to have resulted primarily from such Indemnified Person's gross negligence or willful misconduct. In addition, the Company agrees to reimburse each Indemnified Person for all out-of-pocket expenses (including reasonable fees and expenses of counsel) as they are incurred by such Indemnified Person in connection with investigating, preparing, conducting or defending any such action or claim, whether or not in connection with litigation in which any Indemnified Person is a named party, or in connection with enforcing the rights of such Indemnified Person under this Agreement.

(b)     If for any reason the foregoing indemnity is unavailable to an Indemnified Person or insufficient to hold an Indemnified Person harmless, then the Company shall contribute to the amount paid or payable by such Indemnified Person as a result of such claim, liability, loss, damage or expense in such proportion as is appropriate to reflect not only the relative benefits received by the Company on the one hand and Stifel Nicolaus on the other, but also the relative fault of the Company on the one hand and Stifel Nicolaus on the other, as well as any relevant equitable considerations, subject to the limitation that in any event the aggregate contribution of all Indemnified Persons to all losses, claims, liabilities, damages and expenses shall not exceed the amount of fees actually received by Stifel Nicolaus pursuant to this Agreement. It is hereby further agreed that the relative benefits to the Company on the one hand and Stifel Nicolaus on the other with respect to any transaction or proposed transaction contemplated by this Agreement

shall be deemed to be in the same proportion as (i) the total value the transaction or proposed transaction bears to (ii) the fees paid to Stifel Nicolaus with respect to such transaction.

(c)    No Indemnified Person shall have any liability to the Company or any other person in connection with the services rendered pursuant to this Agreement, except for any liability for losses, claims, damages or liabilities finally judicially determined to have resulted primarily from such Indemnified Person's gross negligence or willful misconduct.

(d)    The Company agrees that it will not settle or compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which indemnification may be sought from the Company by any Indemnified Person (whether any Indemnified Person is an actual or potential party to such claim, action, suit or proceeding) unless such settlement, compromise or consent includes an unconditional release of Indemnified Persons hereunder from all liability arising out of such claim, action, suit or proceeding.

(e)    To the extent officers or employees of Stifel Nicolaus appear as witnesses, are deposed, or otherwise are involved in or assist with any action, hearing or proceeding related to or arising from a Restructuring or Stifel Nicolaus' engagement hereunder or in a situation where such appearance, involvement or assistance results from Stifel Nicolaus' engagement hereunder, the Company will pay Stifel Nicolaus, in addition to the fees set forth above, Stifel Nicolaus' customary per diem charges. In addition, if any Indemnified Person appears as a witness, is deposed or otherwise is involved in any action relating to or arising from a Restructuring or Stifel Nicolaus' engagement hereunder or in a situation where such appearance, involvement or assistance results from Stifel Nicolaus' engagement hereunder, the Company will reimburse such Indemnified Person for all expenses (including fees and expenses of counsel) incurred by it by reason of it or any of its personnel being involved in any such action.

(f)    The Company consents to personal jurisdiction, service of process and venue in any court in which any claim covered by the provisions of this Attachment A may be brought against an Indemnified Person.

(g)    The provisions of this Attachment A shall be in addition to any liability the Company may have to any Indemnified Person at common law or otherwise, and shall survive the expiration or termination of this Agreement and the closing of any Restructuring or any other transaction contemplated by this Agreement.